UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FRIEDRICH LU,<br>    Plaintiff,<br><br>v.<br><br>JASON CHAKA GEORGE,<br>    Defendant. | )<br>)<br>)<br>)<br>)   Civil No. 24-10144-LTS<br>)<br>)<br>)<br>) |

ORDER

May 24, 2024

SOROKIN, J.

On January 23, 2023, plaintiff Friedrich Lu commenced this action by filing a complaint against Jason Chaka George. (Doc. No. 1). Plaintiff paid the $402.00 filing fee and summons issued for service of the defendant. (Doc. Nos. 3, 5).

On April 26, 2023, plaintiff moved to collect the cost of service. (Doc. No 6). In the one-paragraph motion, plaintiff states that he "made a written request to defendant Jason Chaka George to waive service of process." Id. He further states that because "George did not act [plaintiff arranged service of process] at Lu's expense of fifty dollars to server." Id.

On May 16, 2023, plaintiff's motion was denied without prejudice because plaintiff did not include proof of payment and failed to comply with all of the requirements of Rule 4(d) of the Federal Rules of Civil Procedure. (Doc. No 7).

By Order dated October 12, 2023, plaintiff was advised that this action will be dismissed without prejudice in twenty (21) days unless proof of service is filed or good cause shown why service has not been made. (Doc. No 9).

1

In response, plaintiff filed an affidavit in support of return of service stating, among other things, that on April 24, 2023, plaintiff authorized a process server to "leave the process under the door [at defendant's residence]."  (Doc. No 11).  Attached to the affidavit is a copy of the return of service form which contains only the date of service and the purported signature of the process server.  Id. at 2.

Because plaintiff bears the burden to show service, it is incumbent upon him to provide sufficient documentation of proper service. See Fed. R. Civ. P. 4(l).  "A return of service generally serves as prima facie evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).  A return of service must comply with Fed. R. Civ. P. 4(l) which requires a "server's affidavit" except when service was effected by a United States marshal or deputy marshal. That exception does not apply in this case, and the return of service submitted by plaintiff is incomplete.  The period for service has long elapsed, and without a proper affidavit from the process server, the filed return of service is invalid.

Based upon the forgoing, plaintiff is advised that this action is subject to dismissal under Fed. R. Civ. P. 4(m), and ordered to file, no later than June 7, 2024, a valid return of service or show good cause in writing why service could not be made on the defendant.  Failure to timely comply with this order will result in the dismissal of this action without prejudice.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge